J-S61024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS W. BAUN | |
| Appellant | No. 381 WDA 2014 |

Appeal from the Judgment of Sentence of February 5, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000488-2004

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 19, 2014**

Nicholas Baun appeals his February 5, 2014 judgment of sentence for a probation violation.  Baun alleges that the trial court abused its discretion and imposed an excessive sentence.  Baun's counsel has filed a petition to withdraw as counsel, together with an "***Anders/Santiago*** brief."[1]  We find that Baun's counsel has satisfied the ***Anders/Santiago*** requirements and

---

[*]      Retired Senior Judge assigned to the Superior Court.

[1]      ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  In ***Santiago***, our Supreme Court developed certain rules to ensure compliance with the principles underlying the ***Anders*** decision.  Thus, it is common practice in this Court to refer to briefs filed thereunder as "***Anders/Santiago*** briefs."  Because a number of the cases discussed below predate ***Santiago***, however, we will refer to "***Anders*** briefs" when the brief at issue was filed before ***Santiago*** was decided.

that Baun has no meritorious issues to pursue on appeal. Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Baun's judgment of sentence.

On April 8, 2005, Baun pleaded guilty to aggravated indecent assault of a child, 18 Pa.C.S. § 3125(b), and statutory sexual assault, 18 Pa.C.S. § 3122.1(a), charges that arose from his sexual assault of his neighbor's niece. On the former charge, he was sentenced to four to eight years' imprisonment; for the latter, he was sentenced to ten years' probation, to run consecutively to the former sentence. As part of his sentence, Baun also was forbidden for the duration of his sentence from contact with the victim or her family, or unsupervised contact with anyone under the age of eighteen.

On or about July 15, 2012, Baun was released to serve his probationary sentence. On January 2, 2014, the trial court lodged a detainer on Baun based upon information that Baun had violated the conditions of his probation. Specifically, the Jefferson County Probation Department alleged that Baun had "failed to comply with sex offender protocol," *inter alia*, by having pornographic material on his cell phone, speaking regularly to his girlfriend's minor children by telephone, and possessing photographs of his girlfriend's children, which Baun carried in his wallet.

On January 29, 2014, Baun, appearing *pro se*, waived his right to a *Gagnon I* hearing[2] and admitted that he had violated his probation as alleged. Baun was remanded to jail pending completion of a pre-sentencing investigation and on January 30, 2014, a Jefferson County public defender entered his appearance on Baun's behalf. On February 5, 2014, following a *Gagnon II* hearing, the trial court revoked Baun's probation and resentenced him to two to ten years' incarceration.[3] On February 14, 2014, Baun filed a motion for reconsideration of his sentence. The trial court denied the motion by order entered on February 18, 2014.

On March 4, 2014, Baun timely filed the instant appeal. On March 6, 2014, the trial court directed Baun to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Baun timely complied. On March 25, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before this Court, Baun raises only one issue: "Whether the trial court abused its discretion when it revoked Baun's county-level probation and re-sentenced him to serve a sentence of incarceration in [a] State Correctional

---

[2]    *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

[3]    The trial court indicated that this sentence should run consecutively to a separate parole violation. This appeal concerns only the two- to ten-year sentence for his probation violation.

Institution for a minimum of two (2) years to a maximum of ten (10) years with credit for time served." Brief for Baun at 3.

Because counsel for Baun proceeds pursuant to ***Anders*** and ***Santiago***, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the sentencing issue presented by Baun. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. Pursuant thereto, the brief must provide the following information:

> (1) a summary of the procedural history and facts, with citations to the record;
>
> (2) reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3) counsel's conclusion that the appeal is frivolous; and
>
> (4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief."

*Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter that he transmitted to his client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied *Santiago*'s requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. Brief for Baun at 4-5. Counsel also has articulated Baun's position and has analyzed the information presented to the sentencing court in favor of his appeal with appropriate citations to the record and case law. Ultimately, counsel has concluded that Baun has no non-frivolous basis for challenging his sentence, because the trial court sentenced him within the statutory limits for the underlying conviction and there was no evidence of an abuse of discretion. *Id.* at 8-9.

Counsel also has sent Baun a letter informing him that he has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Baun's representation; and that Baun may find new counsel or proceed *pro se*. Counsel has attached the letter to his petition to withdraw, as required by *Millisock*. *See* Petition to Withdraw as Counsel, 7/28/2014 (letter dated 7/24/2014). Accordingly, counsel has

complied with ***Anders***' technical requirements. ***See Millisock***, 873 A.2d at 751.

We now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues may remain. ***Santiago***, 978 A.2d at 355 (quoting ***Anders***, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw . . . .").

We now turn to the lone appealable issue identified by ***Anders*** counsel. A claim that a sentence is excessive presents a challenge to the discretionary aspects of sentence. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004). To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his or her brief.[4] Therein,

_____

[4] In pertinent part, Rule 2119 provides as follows:

(f) Discretionary aspects of sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall

*(Footnote Continued Next Page)*

"the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis in **Goggins**).

The Rule 2119(f) statement enables this Court to determine whether the appellant has raised a substantial question. **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa. Super. 2004). In the instant case, counsel has provided such a statement, Brief for Baun at 6, but, at one sentence long, it is perfunctory at best. However, if no objection is raised to a violation of Rule 2119(f), this Court may ignore the violation. **Id.** at 533; **Commonwealth v. Raybuck**, 915 A.2d 125, 127 n.3 (Pa. Super. 2006).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

The Commonwealth, having elected not to file a brief in this matter, has raised no objection to Baun's failure to provide an adequate Rule 2119(f) statement. Moreover, even if the Commonwealth had objected, we still would be obliged to make an independent determination as to whether this appeal is wholly frivolous. ***Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990). Consequently, we review Baun's judgment of sentence to determine whether it presents a substantial question regarding excessiveness, and, if so, whether any such argument warrants the preparation of an advocate's brief by appointed counsel or *vacatur* of the sentence.

Sentencing is a matter that is within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. ***Commonwealth v. Dykes***, 541 A.2d 1, 6 (Pa. Super. 1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. ***Commonwealth v. White***, 491 A.2d 252 (Pa. Super. 1985).

We have held as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill[ ]will.

*Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (citations and internal quotation marks omitted).  "Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006).

Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing."  42 Pa.C.S. § 9771.  A court may impose a sentence of total confinement for a probation revocation under the following circumstances:

> (1)    the defendant has been convicted of another crime; or
>
> (2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

In this case, the trial court specifically violated Baun on his probationary sentence for statutory sexual assault, classified as a second-degree felony, 18 Pa.C.S. § 3122.1(a), for which he originally had been sentenced to ten years' probation.  The maximum sentence for a second-degree felony is ten years' imprisonment.  *See* 18 Pa.C.S. § 1103(2).

In **Commonwealth v. Coolbaugh**, 770 A.2d 788 (Pa. Super. 2001), this Court found no substantial question where the appellant had been sentenced for two to five years' imprisonment for a probation violation, with the upper bound of his sentence reflecting the statutory maximum sentence for the underlying conviction. **See id.** at 793. In this case, the trial court sentenced Baun to a minimum sentence of two years, three years fewer than the uppermost minimum it had discretion to impose. The court imposed a maximum sentence consistent with the statutory maximum for the underlying crime. However, in **Coolbaugh**, the appellant's violations were not technical; rather, the appellant had committed numerous crimes to incur the revocation. Because this case involves technical violations, we will assume *arguendo* that Baun can make out a substantial question, and we will examine such merit as his challenge has.

The court imposed sentence after reviewing a pre-sentence investigation; hearing a recommendation from Jefferson County Adult Probation, which recommended precisely the sentence the court imposed; viewing letters from Baun's father and others in support of leniency; and hearing from Baun in open court. The court then stated on the record its reasons for imposing a two- to ten-year sentence:

> Now, initially, I look at this case, it's a felony sex case, you already did state time. And if I just got hit on the line with it, I would say you should do five to ten. Because you were in there, you hadn't completed sex offender treatment, and you're having sexual relations, pornographic material, and you're having contact with minor children—all of which are violations.

I reviewed the presentence report, considered your age, your background, your prior record, everything contained in that report. Understanding all of that, the recommendation is two to ten. Trying to weight out the fact that you're a good employee, have a job, and [are] doing well to that extent, at least financially contributing on the outside, certainly are mitigating factors.

However, I mean, in a situation where you haven't completed sex offender treatment—meaning you haven't come to grips with your underlying violation—and you're already planning to marry a woman who has minor children, I mean, I think looking at everything with violations on a sexual type of case are very serious.

So I do think that the recommendation . . . is appropriate, and I am going to sentence you to no less [than] two to ten years in a state correctional institution . . . .

Notes of Testimony, *Gagnon II* hearing, 2/5/2014, at 6-7. Based upon the underlying history of this case and the trial court's detailed explanation for the sentence it imposed, we discern no abuse of the broad discretion vested in the trial court when imposing sentence for a probation violation.

As set forth above, we have reviewed counsel's *Anders*/*Santiago* brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that his client's interests are protected. We have conducted an independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that no non-frivolous challenge to Baun's judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2014