J-S08019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD TERANTINO | |
| Appellant | No. 1662 EDA 2014 |

Appeal from the Judgment of Sentence of April 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0001847-2013

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 06, 2015**

Edward Terantino appeals his April 30, 2014 judgment of sentence. Herein, Terantino alleges, *inter alia*, that the weight of the evidence did not support the jury verdict and that the trial court abused its discretion when it imposed an excessive sentence.  Terantino's counsel has filed a petition to withdraw as counsel, together with an ***Anders*** brief.[1]  We find that Terantino's counsel has satisfied the ***Anders***/***Santiago*** requirements and that Terantino has no meritorious issues to pursue on appeal.  Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Terantino's judgment of sentence.

---

[1]  ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), ***abrogated in part by Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On July 10, 2013, Pocono Mountain Police responded to a 911 call at 127 Nelson Drive, in Blakeslee, Pennsylvania. During the call, the dispatcher heard arguing between Terantino and his stepdaughter, Dawn Loveland ("Loveland"), heard Terantino say that he was going to "pull the trigger," and heard Loveland pleading with him to leave the residence. Loveland's five-year-old daughter, I.L., also was heard crying in the background of the call. When officers arrived, they made contact with Terantino, who told an officer that he would not negotiate, he would not leave the residence willingly, and he would not allow Loveland and her daughter to leave. Terantino subsequently allowed I.L. to leave the residence. I.L. told police that Terantino was pointing a gun at Loveland. Terantino later released Loveland and was taken into custody.

Terantino was charged with two counts of kidnapping, two counts of false imprisonment, two counts of terroristic threats, simple assault, unlawful restraint, endangering the welfare of a child, two counts of recklessly endangering another person, possession of instruments of a crime, and resisting arrest.[2]

On February 6 and 7, 2014, Terantino was tried by a jury. On February 7, 2014, the jury found Terantino guilty of one count of false imprisonment, one count of terroristic threats, simple assault, unlawful

---

[2]    18 Pa.C.S.A. §§ 2901(a)(3), 4304(a), 2706(a)(1), 2701(a)(3), 2902 (a)(1), 4304(a), 2705, 907(a), and 5104, respectively.

restraint, endangering the welfare of a child, possession of instruments of a crime and resisting arrest. On April 30, 2014, Terantino was sentenced to an aggregate term of four to eight years' incarceration.

On May 2, 2014, Terantino timely filed a petition for reconsideration of his sentence. On May 5, 2014, the motion was denied without a hearing. On June 2, 2014, Terantino timely filed a notice of appeal. On June 3, 2014, the trial court ordered Terantino to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 24, 2014, counsel filed a statement of intent to file an **Anders** brief in lieu of 1925(b) statement, and on July 8, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Terantino raises seven issues for this Court's consideration:

I.  Whether the jury verdict rendered in this case was against the weight of the evidence presented at trial?

II.  Whether the Commonwealth engaged in prosecutorial misconduct during the trial?

III.  Whether the trial court erred in not granted a mistrial based on the alleged misconduct of the Commonwealth during trial?

IV.  Whether the trial court erred in admitting the 911 call into evidence and allowing it to be played to the jury during trial?

V.  Whether the trial court erred in not instructing the jury regarding the inconsistencies in the testimony of [I.L.]?

VI.  Whether the trial court erred in giving the jury a written copy of the kidnapping charge during deliberations?

VII.  Whether the trial court erred and abused its discretion when sentencing [Terantino]?

*Anders* Brief at 8.

Because counsel for Terantino proceeds pursuant to *Anders* and *Santiago*, this Court first must pass upon counsel's petition to withdraw before reviewing the merits of the issues presented by Terantino. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must provide the following information:

> (1) a summary of the procedural history and facts, with citations to the record;
>
> (2) reference to anything in the record that counsel believes arguably supports the appeal;
>
> (3) counsel's conclusion that the appeal is frivolous; and
>
> (4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see also Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

- 4 -

Finally, to facilitate our review of counsel's satisfaction of his obligations, she must attach to her petition to withdraw the letter that she transmitted to her client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied the *Anders* requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. *Anders* Brief at 9-10. Counsel also has articulated Terantino's position and has analyzed the information presented to the sentencing court in favor of his appeal with appropriate citations to the record and case law. Ultimately, counsel has concluded that Terantino has no non-frivolous bases for challenging his sentence. *Id.* at 23.

Counsel also has sent Terantino a letter informing him that she has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Terantino's representation; and that Terantino may find new counsel or proceed *pro se*. Counsel has attached the letter to her petition to withdraw, as required by *Millisock*. *See* Petition to Withdraw as Counsel, 10/7/2014. Accordingly, we conclude that counsel has complied substantially with *Anders*' technical requirements. *See Millisock*, 873 A.2d at 751.

We must now conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if

any meritorious issues may remain. **Santiago**, 978 A.2d at 355 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]") (quoting **Anders**, 386 U.S. at 744).

In Terantino's first issue, he claims that his convictions were against the weight of the evidence presented at trial. **Anders** Brief at 12. We disagree.

Our standard of review on this matter is well settled:

The finder of fact is the exclusive judge of the weight of the evidence, as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.

As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore,

where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Cruz*, 919 A.2d 279, 281-82 (Pa. Super. 2007) (citations omitted). "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict." *Commonwealth. v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000)).

Preliminarily, we observe that Terantino actually challenges the sufficiency and not the weight of the evidence. *See Lyons*, *supra*. Moreover, during Terantino's trial, the Commonwealth introduced the testimony of a number of police officers who were on scene at the time of the incident. Notes of Testimony ("N.T."), 2/6/2014, at 41-47, 55-105. The Commonwealth also introduced the testimony of both victims, N.T., 2/6/2014, at 50-55; N.T., 2/7/2014, at 2-32, the handgun in Terantino's possession during the incident, and the recording of the 911 call made by Dawn Loveland during the incident. In his defense, Terantino testified to his state of mind, his remorse, and explained why he was arguing with Loveland the day of the incident. N.T., 2/7/2014, at 117, 126-27, 131.

We have reviewed the record and, as demonstrated above, the evidence was more than adequate to support the verdict, and we will not substitute the jury's credibility determinations for our own. Consequently, the verdict did not shock the conscience of the trial court, and we conclude that the court acted within the bounds of its discretion in ruling on the weight claim. We reject Terantino's claim that the verdict was against the weight of the evidence. This issue would not merit relief.

In Terantino's second issue, he claims that the Commonwealth committed prosecutorial misconduct during the trial. *Anders* Brief at 14-15. We disagree.

"[P]rosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." *Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009) (quoting *Commonwealth v. Holley*, 945 A.2d 241, 250 (Pa. Super. 2008)).

Here, Terantino argues that a certain moment of disagreement between the trial court and the Commonwealth triggered prosecutorial misconduct. *Anders* Brief at 15. Their conversation, in pertinent part, proceeded as follows:

> [The Commonwealth]: So she was lying the other day when she said that you threatened to shoot her?
>
> [Terantino]: Sir, it won't be the first time.
>
> [The Commonwealth]: Oh, okay, So she' [*sic*] just a liar?
>
> The Court: That's argumentative. What's your next question?
>
> [The Commonwealth]: Your Honor, if you could wait for the defense to make an objection.
>
> The Court: No. I will interrupt you when necessary[.]

N.T. 2/7/2014, at 141.

This single instance of such an exchange between the trial court and the prosecutor did not amount to prosecutorial misconduct, as it did not

prejudice the jurors, or impede their ability to weigh the evidence objectively. In fact, Terantino fails to explain why this brief spat between the trial court and the Commonwealth amounted to prosecutorial misconduct. *Anders* Brief at 15-16. Even had the jurors been affected, Terantino would have benefited from the perception of the court siding against the Commonwealth, which would mitigate in his favor. Thus, he cannot show that this incident caused the jury to form a fixed bias and hostility against him. Therefore, this issue is frivolous and without merit.

In his third issue, Terantino argues that the trial court erred by not granting a mistrial, based upon the alleged prosecutorial misconduct of the Commonwealth during trial. *Anders* Brief at 16. Again, we disagree.

> It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa. Super. 2014) (citations omitted).

Pennsylvania Rule of Criminal Procedure 650(b) provides: "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed.

Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P 650(b). Accordingly, if the defendant fails to request a mistrial, the issue of whether the trial court erred by not ordering a mistrial is ordinarily waived on appeal. Pa.R.A.P. 302(a). Therefore, because Terantino failed to move for a mistrial, *see* N.T., 2/7/2014 at 141, this issue is now waived. Moreover, even if Terantino had filed a motion for a mistrial, we have already determined that he failed to demonstrate how the dialogue between the trial court and the prosecutor "formed in the jurors' minds a fixed bias and hostility toward him such that they could not weigh the evidence objectively and render a fair verdict." ***Commonwealth v. Arrington***, 86 A.3d 831, 853 (Pa. 2014). Therefore, Terantino is not entitled to the grant of a new trial on his meritless claim of prosecutorial misconduct. ***Id.*** Accordingly, we find that this issue is also frivolous and without merit.

In Terantino's fourth issue, he claims that the trial court erred by admitting a recording of a 911 call into evidence, and allowing the jury to hear it during trial. ***Anders*** Brief at 18. Specifically, he challenges the admission of the 911 call made by Loveland from her cellphone during the incident at issue, and her conversation with the dispatcher, which was the subject of the recording. We disagree.

Our standard of review of challenges to the admissibility of evidence is well settled:

Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1253 (Pa. Super. 2011) (citation omitted).

The 911 call was introduced by the Commonwealth to establish elements of Terantino's crimes of false imprisonment, possession of instruments of a crime, and simple assault. Terantino essentially argues that the admission and playing of the 911 call was prejudicial.

Because all relevant evidence presented by the Commonwealth is meant to prejudice a defendant, exclusion is limited to evidence so prejudicial that it would:

inflame the jury to make a decision based upon something other than the legal propositions relevant to the case. As this Court has noted, a trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts form part of the history and natural development of the events and offenses with which [a] defendant is charged.

*Commonwealth v. Serge*, 837 A.2d 1255, 1261 (Pa. Super. 2003) (quoting *Commonwealth v. Palmer*, 700 A.2d 988, 992-993 (Pa. Super. 1997)). The recording of the 911 call was relevant to establish elements of Terantino's crimes, as it provided the jury a perspective into the home during the ongoing incident, and was direct evidence that Terantino was armed and held the two victims in the home against their will. Thus, we conclude that the probative value of the call outweighed the danger of unfair prejudice. Moreover, both victims, including Loveland, who made the call, testified at trial. N.T., 2/6/2014, at 8-12, 17-32, 53-55; N.T., 2/7/2014, at 161-62. Therefore, Terantino had the opportunity to confront Loveland and cross-examine her. The trial court did not abuse its discretion when it admitted the 911 call and allowed it to be played to the jury. Consequently, this issue is frivolous and without merit.

In his fifth issue, Terantino asserts that the trial court erred by failing to convey an inconsistency in I.L.'s testimony to the jury during instructions. *Anders* Brief at 18. We disagree.

Preliminarily, Terantino failed to preserve this challenge by objecting to the trial court's instructions at the trial. Pa.R.A.P. 302(a). Moreover, this challenge would not merit relief.

"In addressing challenges to jury instructions, we consider the challenged portions in light of the entire instruction, and we acknowledge that trial courts have broad discretion in phrasing the charge so long as the

law is clearly, adequately and accurately described." ***Commonwealth v. Cam Ly***, 980 A.2d 61, 88 (Pa. 2009).

Here, Terantino contends that the trial court was obligated to bring I.L.'s inconsistent testimony to the jury's attention. In her testimony, I.L. stated that she was present at the home with her mother the entire time that her mother was held inside the home by Terantino. N.T., 2/6/2014, at 49-55. However, a police officer testified that I.L. was released from the home around 12:06 p.m., ***id.*** at 63, and that her mother did not exit the home until 1:40 p.m. ***Id.*** at 65.

"Questions concerning inconsistent testimony and improper motive go to the credibility of the witnesses. [The Court] cannot substitute its judgment for that of the jury on issues of credibility." ***Commonwealth v. DeJesus***, 860 A.2d 102, 107 (Pa. 2004). The trial court instructed the jury on its duty to determine the credibility of the witnesses and their testimonies without objection, and without a request for a specific instruction regarding the inconsistent testimony. N.T., 2/7/2014, at 197-99. Because the jury alone was responsible for questions concerning inconsistent testimony, the trial court had no further obligation to alert the jury to any inconsistencies in I.L.'s testimony. Therefore, the trial court did not err when giving the jury instructions. This issue would not merit relief.

In Terantino's sixth issue, he claims that the trial court erred in giving the jury a written copy of the elements of his kidnapping charge during deliberations. ***Anders*** Brief at 19. We disagree.

Pennsylvania Rule of Criminal Procedure 646(B) states that "[t]he trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed." Pa.R.Crim.P. 646(B).

Here, the jury returned during deliberations with several questions for the trial court. One particular question involved the elements of the charge of kidnapping. *See* N.T., 2/7/2014, at 216. The trial court decided, without objection from either side, to send written copies of the elements of the crime of kidnapping out to the jury. *Id.* The trial court only supplied the jury with the elements of kidnapping, and the jury acquitted Terantino of both counts of kidnapping. Because the trial court was permitted under Rule 646(B) to provide the jury with a written copy of the elements of kidnapping, it did not err in doing so. Furthermore, Terantino suffered no prejudice, as he was acquitted of the kidnapping charges. Consequently, we conclude that this issue is frivolous and without merit.

In Terantino's seventh and final issue, he claims that the trial court erred and abused its discretion when imposing his sentence because his sentence was excessive and the court disregarded mitigating factors. *See Anders* Brief at 21. We disagree.

A claim that a sentence is excessive presents a challenge to the discretionary aspects of sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super 2008). "A challenge to the discretionary aspects of a

- 14 -

sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).

To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his brief. Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis omitted). "An appellant's failure to comply with Rule 2119(f) may be waived if the Commonwealth does not object to the defect." *Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003) (citations omitted).

In the instant case, Terantino failed to file a Rule 2119(f) statement, but the Commonwealth, having elected not to file a brief in this matter, has raised no objection to its omission. Moreover, even if the Commonwealth

had objected, we still would be obliged to make an independent determination as to whether this issue is wholly frivolous. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990). Consequently, we review Terantino's judgment of sentence to determine whether it presents a substantial question regarding excessiveness, and, if so, whether any such argument warrants the preparation of an advocate's brief by appointed counsel or *vacatur* of the sentence. "[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1007 (Pa. Super. 2014). Therefore, we will proceed to review the merits of the claim.

Sentencing is a matter that is within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. ***Commonwealth v. Dykes***, 541 A.2d 1, 6 (Pa. Super. 1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. ***Commonwealth v. White***, 491 A.2d 252 (Pa. Super. 1985).

Here, the trial court imposed the sentence after reviewing a pre-sentence investigation and hearing statements from Terantino offering his remorse. Sentencing Notes of Testimony ("Sentencing N.T."), 4/30/2014, at 5-6. Terantino was sentenced to consecutive prison terms within the aggravated range for his convictions of endangering the welfare of a child

and unlawful restraint. The trial court stated its reasons for imposing the sentences in the aggravated range:

> I do think there are aggravating factors here. I understand why Ms. Loveland continues to have fear and suffers from anxiety over what she was put though that day and worries that she may have to deal with it again in the future. I think that's an aggravating factor. I also feel that Mr. Terantino has not come to grips with his actual problem here, and that is his unwillingness to allow Ms. Loveland to live her own life and be free of his influence. Once she expressed her desire to do that, that's what should have happened, and instead we have this situation with a gun being introduced.

*Id.* at 11.

In addition, Terantino was sentenced to a consecutive term in the standard range for his conviction of terroristic threats, and to a concurrent term in the standard range for possession of instruments of a crime. The total aggregate sentence imposed by the sentencing court was four to eight years' incarceration. *Id.* at 12-13. Therefore, because the sentence imposed was within the statutory range of each crime of which Terantino was convicted, and based upon the underlying history of this case and the trial court's detailed explanation for the sentence it imposed, *id.* at 8-11, we discern no abuse of the broad discretion vested in the trial court when imposing Terantino's sentence.

As set forth above, we have reviewed counsel's **Anders** brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that her client's interests are protected. We have conducted an

independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that no non-frivolous challenges to Terantino's judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015