J-S26027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND TORRES, JR. | |
| Appellant | No. 1951 MDA 2014 |

Appeal from the Judgment of Sentence of October 7, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0005011-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                          **FILED JUNE 02, 2015**

Raymond Torres, Jr. appeals his October 7, 2014 judgment of sentence.  Torres alleges, *inter alia*, that there was insufficient evidence to support his conviction for carrying a concealed firearm without a license,[1] that the trial court abused its discretion in fashioning his sentence, and that trial counsel was ineffective for failing to file a suppression motion.  Torres' counsel has filed a petition to withdraw as counsel, together with an **Anders** brief.[2]  We find that Torres' counsel has satisfied the **Anders**/**Santiago** requirements and that Torres has no meritorious issues to pursue on appeal.

---

[1]     18 Pa.C.S.A. § 6106.

[2]     **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), **abrogated in part by Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Torres' judgment of sentence.

In the early morning hours of September 21, 2013, Officer Thomas Cole of the Lancaster City Police Department was dispatched to the 600 block of Rockland Street to investigate a call that an individual with a handgun in his waistband had been seen near Martin Luther King Elementary School.  Upon arrival, Officer Cole and his partner saw Torres, who matched the description of the individual, and two others walking near the school.  After Torres disregarded the officer's repeated instructions to stop, Officer Cole deployed his Taser and Torres fell over.  Pursuant to a safety check, Officer Cole asked Torres if he had any weapons.  Torres told Officer Cole that he had a gun tucked in his waistband, which was revealed to be a fully-loaded High Standard .22 nine-shot revolver.  Notes of Testimony ("N.T.") Trial, 8/4/2014, at 59-66.  Torres was twenty years old at the time of the incident.  *Id.* at 72.

The trial court set forth the procedural history of the case as follows:

On August 5, 2014, following a jury trial, [Torres] was found guilty of one count of Firearms Not to be Carried Without a License, a felony of the third degree.  [Torres] was found not guilty on one count of Possess[ing] a Weapon on School Property.  On October 7, 2014, the trial court imposed a sentence of 42-84 months [of] incarceration in the state correctional institution, which was within the standard range of the Sentencing Guidelines.  On November 14, 2014, [Torres] filed a Notice of Appeal from the judgment of sentence imposed on October 7, 2014, as finalized by the denial of [Torres'] Post Sentence Motion on October 17, 2014.  On December 5, 2014, [counsel for Torres] filed a Statement of Intent to File

- 2 -

> ***Anders*/*McClendon*** Brief in Lieu of Statement of Errors Complained of on Appeal.

Order, 12/8/2014, at 1 n.2. On December 8, 2014, the trial court entered an order stating that, in light of counsel's intent to file an ***Anders*/*McClendon*** brief, a statement pursuant to Pa.R.A.P. 1925(a) was not necessary.

Counsel for Torres raises one question for the Court's consideration: "Should appellate counsel be granted leave to withdraw as counsel because any appellate issues in the instant case are frivolous?" ***Anders*** Brief at 4. Specifically, counsel raises Torres' claims for insufficient evidence, abuse of sentencing discretion, and effectiveness of trial counsel for failure to file a suppression motion.[3] ***Id.*** at 7-13.

Because counsel for Torres proceeds pursuant to ***Anders*** and ***Santiago***, this Court first must pass upon counsel's petition to withdraw as counsel before reviewing the merits of the issues presented by Torres. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must provide the following information:

> (1) a summary of the procedural history and facts, with citations to the record;

---

[3] Torres is represented by new counsel on appeal.

(2)    reference to anything in the record that counsel believes arguably supports the appeal;

(3)    counsel's conclusion that the appeal is frivolous; and

(4)    counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel also must provide a copy of the **Anders** brief to her client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007); **see also Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, she must attach to her petition to withdraw the letter that she transmitted to her client. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has satisfied the **Anders** requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. **Anders** Brief at 5-6. Counsel also has articulated Torres' position and has analyzed the information presented to the sentencing court in favor of his appeal with

appropriate citations to the record and case law. Ultimately, counsel has concluded that Torres has no non-frivolous bases for challenging his sentence. *Id.* at 12.

Counsel also has sent Torres a letter informing him that she has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Torres' representation; and that Torres may find new counsel or proceed *pro se*. Counsel has attached the letter to her petition to withdraw, as required by *Millisock*. *See* Application for Leave to Withdraw as Counsel, 1/29/2015. Accordingly, we conclude that counsel has complied substantially with *Anders*' technical requirements. *See Millisock*, 873 A.2d at 751.

We now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues may remain. *Santiago*, 978 A.2d at 355 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]") (quoting *Anders*, 386 U.S. at 744).

In Torres' first issue, he contends that the evidence was insufficient "to prove beyond a reasonable doubt that Mr. Torres was in possession of a concealed firearm without a license." *Anders* Brief at 9. We disagree.

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. We review the evidence in the light most

- 5 -

favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt.

> In applying the above test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-93 (Pa. Super. 2015) (citations and quotation marks omitted).

Torres was convicted of firearms not to be carried without a license, 18 Pa.C.S.A. § 6106, which provides, in relevant part:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). Furthermore, in order to obtain a valid license to carry a firearm, an individual must be at least twenty-one years old. 18 Pa.C.S.A. § 6109(b) ("An individual who is 21 years of age or older may

apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.").

At trial, the Commonwealth established that Torres was born on December 25, 1992. On September 21, 2013, when Officer Cole stopped Torres with a handgun in his waistband, Torres was only twenty years old. N.T. at 72. Therefore, he was ineligible to apply for a valid license to carry a firearm. Furthermore, Officer Cole testified that he inquired with the Pennsylvania State Police whether Torres had a valid carry permit, and the Commissioner of Pennsylvania State Police, Custodian of Records, sent Officer Cole a form stating that Torres did not have a valid license to carry a firearm. *Id.* at 73-74. This form was admitted into evidence. *Id.*

Accordingly, the Commonwealth adduced sufficient evidence to prove beyond a reasonable doubt that Torres did not have, and was ineligible for, a valid license to carry a firearm when he was stopped with a handgun concealed in his waistband. 18 Pa.C.S.A. § 6106(a)(1). Therefore, this issue is frivolous and would not merit relief.

In his second issue, Torres challenges the discretionary aspects of his sentence, claiming that the court improperly considered that Torres was not a resident of Lancaster and that the offense occurred near—but not upon—school property. *Anders* Brief at 10. He further contends that the court failed to consider mitigating factors. *Id.* We disagree.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004).

To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his brief. Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis omitted). "An appellant's failure to comply with Rule 2119(f) may be waived if the Commonwealth does not object to the defect." ***Commonwealth v. Pollard***, 832 A.2d 517, 525 (Pa. Super. 2003) (citations omitted).

In the instant case, Torres failed to file a Rule 2119(f) statement, but the Commonwealth, having elected not to file a brief in this matter, has raised no objection to its omission. Moreover, even if the Commonwealth had objected, we still would be obliged to make an independent

determination as to whether this issue is wholly frivolous. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990). Consequently, we review Torres' judgment of sentence to determine whether it presents a substantial question, and, if so, whether any such argument warrants the preparation of an advocate's brief by appointed counsel or *vacatur* of the sentence. "[A]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1222 (Pa. Super. 2011). However, an assertion that the sentencing court considered inappropriate factors can raise a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 (Pa. Super. 2013). Therefore, we will proceed to review the merits of the claim.

Sentencing is a matter that is vested within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. ***Commonwealth v. Dykes***, 541 A.2d 1, 6 (Pa. Super. 1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. ***Commonwealth v. White***, 491 A.2d 252 (Pa. Super. 1985).

Here, the trial court had the benefit of a pre-sentence investigation and imposed a standard-range sentence of not less than three and one half nor more than seven years' incarceration. This calculation was based upon Torres' prior record score of three and an offense gravity score of nine, because the firearm was loaded. At sentencing, Torres did not contest

either of these calculations, and the sentence does not exceed the statutory limits.

Torres objects that the trial court violated his constitutional rights of travel and freedom of assembly by considering that Torres was not a resident of Lancaster, and that the court improperly stated that the offense occurred near a school. *Anders* Brief at 10.

At sentencing, Torres' counsel noted that his family was present and offered a statement on Torres' history and behavior leading to the offense. Specifically, counsel argued that Torres grew up in the Bronx, New York, and "the Bronx is not Mount Joy. It's not Landisville, where there's just tons of services that could have identified [Torres'] vulnerabilities and put him in programs." N.T. Sentencing, 10/7/2014, at 5. Counsel highlighted Torres' transition to Pennsylvania, stating that "moving . . . at that stage of life to Lancaster, new crowd, new adjustment, the vulnerability and the limitations that he had, and he has been targeted on the street on several occasions." *Id.* at 9. Counsel further indicated that, on the night of the incident:

> [Torres] was initially with two individuals. All three of them were coming from a party. . . . They were walking home. They didn't know each other. [Torres] reports that he was actually walking with the one individual, who was subsequently charged with public drunkenness, because that individual was drunk and [Torres] was worred about getting him home.
>
> So he had a reason for being in the city . . . .

*Id.* In response, the trial court stated:

> I have considered the gravity of the offense as it relates, again, to the impact on the community, including the fact that you possessed a loaded firearm with eight live rounds of ammunition and one spent cartridge in the very near vicinity of an elementary school here in Lancaster City, and this was at 3:20 a.m.
>
> You didn't live in Lancaster City. You had no reason to be in Lancaster City, certainly not at 3:20 a.m. with a loaded firearm that you were not entitled to possess.

*Id.* at 17.

The trial court did not improperly consider Torres' proximity to an elementary school. This is supported by his standard-range sentence, which was not enhanced by penalties for being on school property. Instead, the court's reasons for imposing sentence were made, not because his presence in Lancaster was unlawful, but in response to the credibility of Torres' explanation for why he was carrying a firearm without a license in Lancaster on the night in question.

Therefore, because the sentence imposed was within the statutory range of the crime of which Torres was convicted, and based upon the underlying history of this case, counsel for Torres' statement, and the trial court's detailed explanation for the sentence it imposed, *id.* at 17, we discern no abuse of the broad discretion vested in the trial court when imposing Torres' sentence. Torres' second issue is frivolous and would not merit relief.

In his third issue, Torres raises a "complaint regarding [trial] counsel's failure to file and litigate a suppression motion, arguing that police lacked

reasonable suspicion to stop and frisk him." ***Anders*** Brief at 12. We conclude that this issue is waived at this juncture, is not cognizable on direct appeal, and should be litigated under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9542-46.

Preliminarily, we observe that Torres' post-sentence motion challenges only the trial court's discretion in considering—or failing to consider—certain factors while formulating his sentence. ***See*** Motion to Modify Sentence, 10/16/2014, at 1-2. Therefore, any suppression challenge is waived for failure to preserve the issue on direct appeal. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Moreover, in ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), our Supreme Court considered "the reviewability of claims of ineffective assistance ("IAC") of counsel on post-verdict motions and direct appeal." ***Id.*** at 563. Following a comprehensive review of the language codified in the PCRA and decisions from our courts, the Supreme Court reaffirmed the principle that ineffective assistance claims must be deferred until collateral review, and, thus, are not reviewable on direct appeal. The Court crafted two exceptions to this general proscription: first, the Court held that a trial court may, in its discretion, entertain ineffectiveness claims where extraordinary circumstances exist such that review of the claim would best serve the interests of justice. ***Id.*** at 563, 577. Second, the Court "repose[d] discretion in trial courts" to review ineffectiveness claims during

post-sentence motions "only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial restrictions of the PCRA." *Id.* at 563-64, 577-80.

In the instant case, Torres claims no extraordinary circumstances that would warrant review of his allegations of ineffective assistance of counsel on direct appeal. Furthermore, there is no indication in the record that Torres expressly waived his right to PCRA review. *See also Commonwealth v. Barnett*, 25 A.3d 371 (Pa. Super. 2011) (*en banc*) (holding that this Court cannot review ineffective assistance of counsel claims on direct appeal absent a defendant's waiver of PCRA review), *vacated*, 84 A.3d 1060 (Pa. 2014) (remanding to trial court for further proceedings consistent with *Holmes*). Consequently, in light of *Holmes*, Torres' ineffective assistance of counsel claim is not cognizable in this direct appeal. This claim is frivolous.[4]

---

[4] Like appellate counsel for Torres has observed, we need express no opinion on the validity of an ineffective assistance of counsel claim, in light of our conclusion that it would be frivolous to attempt to litigate this claim on direct appeal of his judgment of sentence. *Anders* Brief at 13 n.3.

As set forth above, we have reviewed counsel's **Anders** brief carefully, and find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that her client's interests are protected. We have conducted an independent review of the record and conclude that counsel's characterization and analysis of the record are accurate, and that no non-frivolous challenges to Torres' judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015