496 A.2d 1222

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Nathaniel DURAH–EL, Appellee.**

Superior Court of Pennsylvania.

Argued April 11, 1985.

Filed Aug. 9, 1985.

512

Richard A. Hernan, Jr., District Attorney, Warren, for Commonwealth, appellant.

Paul R. Gettleman, Zelienople, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

Nathaniel Durah-El was arrested and charged with theft by unlawful taking and theft by receiving stolen property in connection with the unlawful taking of several gas grills

from the Warren County Fairgrounds. A jury acquitted him of theft by unlawful taking but found him guilty of theft by receiving stolen property.[1] After post-trial motions had been filed, trial counsel was permitted to withdraw, and present counsel was appointed. He filed supplemental motions alleging, inter alia, that appellee's trial counsel had rendered ineffective assistance. The trial court agreed and at the conclusion of an evidentiary hearing granted a new trial. The Commonwealth appealed.[2] We reverse.

The first reason cited by the court for awarding a new trial was trial counsel's failure to move pre-trial to suppress an oral statement made by appellee "that he took one of the gas grills and sold it to someone." The court found as a fact that trial counsel had known of the oral statement. The court then awarded a new trial because "[t]here is a *possibility* the alleged inculpatory statement *may not* have been made voluntarily and knowledgeably and in our opinion this should have been explored considering all of the circumstances." (Trial Court Opinion at p. 2) (Emphasis supplied). This was improper.

■■■ The burden of proving constitutionally ineffective assistance of counsel was on the appellee. *Commonwealth v. Shore*, 487 Pa. 534, 536, 410 A.2d 740, 741 (1980); *Commonwealth v. LaSane*, 479 Pa. 629, 634, 389 A.2d 48, 50 (1978). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Garvin*, 335 Pa.Super. 560, 564, 485 A.2d 36, 38 (1984). "Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Dunbar*, 503 Pa. 590, 596, 470 A.2d 74, 77 (1983), quoting *Commonwealth v. Miller*, 494 Pa. 229, 233, 431 A.2d 233,

1. These findings suggested that the actual taking had been committed by an alleged accomplice but that appellee had assisted in transporting the grills to Pittsburgh and disposing of them there.

2. The Commonwealth may take an appeal as of right from an order awarding a new trial where it is alleged that the trial court committed an error of law. Pa.R.App.P. 311(a)(5).

234–235 (1981), quoting *Commonwealth v. Hill*, 427 Pa. 614, 617, 235 A.2d 347, 349 (1967). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. ... The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. ... In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions." *Commonwealth v. Litzenberger*, 333 Pa.Super. 471, 478–80, 482 A.2d 968, 972–973 (1984), quoting *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2066–2067, 80 L.Ed.2d 674, 695–696 (1984). Counsel will not be deemed ineffective for not filing pre-trial motions just for the sake of filing them. Cf. *Commonwealth v. Courts*, 317 Pa.Super. 271, 280, 463 A.2d 1190, 1195 (1983). Moreover, it is not enough to show that counsel made an error of judgment; defendant must also prove that it prejudiced the outcome of the case. *Commonwealth v. Garvin, supra* at 566, 485 A.2d at 39.

In the instant case, appellee told his trial counsel that the police had warned him of his right to remain silent in accordance with *Miranda* and that he had made no state-

ment. This is undisputed.[3] Appellee gave counsel no reason to believe that his rights had been violated in any way by the police and, on the contrary, insisted that after he had been advised of his rights, he made no statement. Trial strategy, according to counsel, was based on what appellee had told him.

The court found counsel ineffective because (1) he had become aware of police pre-trial testimony that an inculpatory statement had been made and (2) because he made no attempt to suppress it. However, appellee failed completely in his attempt to show during the evidentiary hearing that there existed an adequate basis on which to obtain a pre-trial suppression of his oral statement. This the trial court conceded. It nevertheless found counsel ineffective and awarded a new trial because of a "possibility" that if counsel had "explored" the circumstances in a suppression hearing, it "might" have been shown that the statement was not voluntarily and knowingly made. This reasoning is speculative. The simple fact, as shown by the evidence, is that defendant did not give trial counsel any reason to believe that a petition to suppress his oral statement would have been successful. The defendant also failed to show during a post-trial, evidentiary hearing that there was any factual support for a motion to suppress. The record before us, therefore, demonstrates clearly that the trial court erred when it found trial counsel ineffective and awarded a new trial because of counsel's affirmative decision not to file a pre-trial motion to suppress.

The trial court also found counsel ineffective for failing to request a jury instruction that mere presence at the scene of the crime was not evidence of guilt. Appellee and

3. The court, in its opinion, said: "trial counsel was faced with a difficult client in that ... [t]rial counsel was advised [by appellee] co-defendant would not testify against [him] and prepared his defense strategy along those lines. As the case progressed con-defendant [sic] became the chief witness for the Commonwealth against the Defendant and testified against him at time of trial. This compelled trial counsel to change tactics in that he was now confronted with an eyewitness [the accomplice] against Defendant as well as the incriminating statement." (Trial Court Opinion at p. 2).

his accomplice had driven to the Warren County Fairgrounds to pick up a display for their employer; and while there, according to the accomplice's testimony, they had stolen two barbeque grills, had placed them on their truck, and had taken the grills with them to Pittsburgh. Defendant denied that he had stolen the grills and denied also that he had had any knowledge that the co-defendant had placed them on the truck. Under these circumstances, the trial court held, trial counsel should have requested a "mere presence" instruction. We disagree that counsel was constitutionally ineffective for failing to do so.

■ It is correct, of course, and the law is clear that a defendant cannot be convicted of a crime where the only evidence to connect him with the crime is "mere presence" at or near the scene. *Commonwealth v. Stores*, 317 Pa.Super. 109, 117–118, 463 A.2d 1108, 1112–1113 (1983). The converse is that something more than "mere presence" at the scene of a crime must be shown to convict one of participating in the commission of the crime. *Commonwealth v. Lovette*, 271 Pa.Super. 250, 255, 413 A.2d 390, 392 (1979), *rev'd on other grounds*, 498 Pa. 665, 450 A.2d 975 (1982). It does not follow, as a corollary of this rule, that a jury must be instructed in all cases that "mere presence" is insufficient to convict. Neither counsel's research nor our own has disclosed any appellate decision holding as appellee contends.

■ In the instant case, appellee's defense was that he had had no knowledge of the theft of the grills by his companion and that he had not participated in selling or otherwise disposing of them. The jury was fully and accurately instructed regarding the elements of theft by receiving stolen property. The essence of appellee's defense was also explained to the jury. An additional instruction that "mere presence" was insufficient to warrant a guilty verdict, therefore, was not essential to a jury's understanding of the issues. When counsel was asked why he did not request such an additional instruction, he replied:

A  Well, I thought they were covered in the general instructions and the charges that I requested.  And I also thought it was so obvious to the jury that no specific charge would be needed.  That's —it's the same in every crime.  I mean, in every crime you wouldn't give an instruction to the jury that his mere presence doesn't make him guilty.  And in this case I think that was obvious, based upon the fact that we were saying that he wasn't even present during the commission of the crime.

(N.T. 10–9–84, at 32).  We agree with counsel's observations.  It is not essential in all criminal trials to request an instruction that mere presence is insufficient to convict.  Where the jury has been fully and accurately instructed concerning the elements of the crime charged and the defense which has been advanced thereto, we will not hold counsel ineffective for failing to request, in addition, a "mere presence" charge.

■  Finally, without expressly finding prosecutorial misconduct, the trial court expressed "concern" about the District Attorney's remarks to the jury during closing argument.  No record was made of closing arguments.  During the post-trial evidentiary hearing, therefore, several witnesses related their recollection of the prosecuting attorney's summation.  The court found specifically that there had been no expression of personal opinion by the District Attorney.  The court concluded, nevertheless, that "inferentially" the prosecuting attorney had "included himself in his urging the jury to find the Defendant guilty."  (Trial Court Opinion at p. 3).  This apparently referred to the District Attorney's urging the jury to return a verdict which said, "we know what you did" and "we find you guilty."  We have examined these remarks at length and have attempted to understand the trial court's "concern" and the reasons therefor.  We cannot.  There is to be found in the remarks of the District Attorney no basis for concluding that he argued improperly or exceeded the bounds of legitimate advocacy.

During closing argument a prosecutor may refer to all facts properly in evidence and may argue all reasonable inferences from such evidence. *Commonwealth v. Smith,* 490 Pa. 380, 388, 416 A.2d 986, 989 (1980); *Commonwealth v. Graham,* 467 Pa. 417, 420–421, 358 A.2d 56, 58 (1976); *Commonwealth v. Smith,* 321 Pa.Super. 170, 185–186, 467 A.2d 1307, 1315 (1983). In *Commonwealth v. Williams,* 295 Pa.Super. 369, 441 A.2d 1277 (1982), where the prosecuting attorney had argued that on the basis of a witness' testimony the defendant was clearly guilty as charged, this Court, per McEwen, J., appropriately observed:

> Our system of jurisprudence not only relies but rests upon the notion that the scales of justice are evenly balanced and each party, not only the defendant but also the Commonwealth, must be afforded an equal opportunity to tip the scales. It, therefore, follows that the Commonwealth is entitled to a full measure of oral advocacy and the prosecutor has not only the privilege but the duty to exert his skills as an advocate in such manner as he deems the most likely to be persuasive. There is no sound reason why counsel for the Commonwealth should be expected to show any less fervor than counsel for the defendant during any portion of the trial, including the closing remarks, provided, of course, the statements do not fall afoul of the ABA Prosecution Standards. ...
> [O]nly such remarks as clearly and obviously violate the ABA Prosecution Standards may be determined to be improper.

*Id.,* 295 Pa.Superior Ct. at 378–379, 441 A.2d at 1282. Although it is improper, according to the ABA Standards, for the prosecutor to express his personal opinion as to the guilt of the defendant, it is not improper for the prosecutor to ask a jury to return a verdict of guilty if it believes the Commonwealth's evidence. See: *Commonwealth v. Henry,* 295 Pa.Super. 47, 55–56, 440 A.2d 1215, 1220 (1982).

In the instant case, there was no violation of the ABA Standards relating to the prosecution function. The Com-

monwealth had relied, inter alia, upon the testimony of an accomplice and an oral, inculpatory statement made by appellee. Appellee, however, had denied guilt, had denied knowledge of the theft of the grills, and had denied making an inculpatory statement. There was no reason, in view of the issues presented for determination by the jury, to prevent the prosecutor from asking the jury to return a verdict which said, "We know what you did" and "we find you guilty."

The order awarding a new trial is reversed. The verdict of the jury is reinstated and the case is remanded for further proceedings thereon. Jurisdiction is not retained.