541 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**James H. DYKES, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1988.

Filed April 25, 1988.

Irene H. Cotton, Philadelphia, for appellant.

Peter J. Ainsworth, Assistant District Attorney, Philadelphia, for Com., appellee.

Before TAMILIA, HOFFMAN and HESTER, JJ.

HESTER, Judge:

This is a direct appeal from a judgment of sentence. Appellant was convicted by a jury of involuntary manslaughter, risking a catastrophe, recklessly endangering another person, and arson endangering persons. He was sentenced to a total of sixteen to thirty-two years imprisonment. Appellant complains of several trial court errors, ineffective assistance of counsel and improper sentencing. As we find appellant's claims to be meritless, we affirm.

Following appellant's conviction on January 31, 1986, he filed timely post-trial motions. On February 18, 1986, appellant filed a pro se motion for a new trial along with a motion for withdrawal of counsel in which he alleged trial counsel's ineffectiveness. Appellant's counsel was permitted to withdraw and present counsel was appointed on May 27, 1986. Thereafter, supplemental post-trial motions were

filed. On February 17, 1987, the trial court held a hearing on appellant's ineffective assistance claims. The trial court denied those claims as well as his post-trial motions and imposed sentence on July 14, 1987. Appellant filed a motion to modify his sentence on July 24, 1987, and was denied relief on September 1, 1987. This timely appeal followed.

The evidence established that on June 13, 1984, shortly after 5:00 a.m., appellant set fire to a brick rowhouse. The Philadelphia Fire Department responded, and while they were fighting the fire, the first and second floor of the structure collapsed trapping several firemen in the basement. Due to the conflagration and the building's collapse, one of the fire-fighters, Joseph Konrad, was killed. Prior to this fire,[1] the structure, located next door to appellant's home, had been vacant and was in disrepair for some time. Since people could enter the building freely, it was frequently used as a "hang-out" for young people. Due to appellant's disgust with the condition and the use of the property located next door, he suggested to his friend, Michael Glinka, that they burn the place. The two men retrieved a red can of what they believed was combustible fluid[2] from appellant's basement to use in setting the fire. As appellant climbed the fence bordering the properties, Glinka handed him the can. Shortly thereafter, appellant returned to his home and told Glinka that the fluid in the can would not burn, but that he had used paper to set mattresses aflame. Within moments of appellant's return, the structure was ablaze.

Appellant raises nine allegations for our review: 1) whether the evidence was sufficient to support the verdict for involuntary manslaughter; 2) whether the evidence was sufficient to support the verdict for arson endangering persons; 3) whether the jury charge regarding accomplice testimony was adequate; 4) whether the standard charge for reasonable doubt is erroneous and prejudicial; 5) whether the jury charge was inadequate in failing to discuss

1. There had been previous fires on the premises.
2. The fluid was actually wax and was non-combustible.

"direct result" as used in the involuntary manslaughter statute; 6) whether trial counsel was ineffective for failing to adequately attack the Commonwealth's witness' credibility; 7) whether his aggregate sentence is illegal; 8) whether the sentence is illegal or an abuse of discretion since the reasons stated are inadequate to explain the gross departure from the sentencing guidelines; and 9) whether the trial court abused its discretion by imposing an unduly harsh sentence.

Appellant's first two arguments raise a sufficiency of the evidence question. Our standard for reviewing the sufficiency of the evidence is well established.

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence ... Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered ... Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence. (Citations omitted.)

*Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986), quoting *Commonwealth v. Harper*, 485 Pa. 572, 576–77, 403 A.2d 536, 538–39 (1979).

■ Specifically, appellant alleges that the evidence was insufficient to support his conviction for involuntary manslaughter since the Commonwealth failed to prove that his act of setting the structure on fire caused Joseph Konrad's death. Although appellant concedes that the Commonwealth established that he set fire to the abandoned structure, he now argues that someone else, who reported that a woman might be trapped inside the building, was actually responsible for the fireman's death. The evidence establish-

es that appellant set the fire and knew that people often frequented the building and sometimes slept there. He therefore should have expected that someone might report that people could be inside the structure and that firefighters would enter the building when given such a report. In viewing the evidence in the light most favorable to the Commonwealth, it is readily apparent that the evidence was suficient to sustain appellant's conviction for involuntary manslaughter.

■ Secondly, appellant alleges that the evidence was insufficient to support the verdict for arson endangering persons. Appellant argues that the legislature could not have meant to punish someone who intentionally sets a fire which later endangers a fireman since all fires set in urban areas eventually endanger fireman. A careful and thorough reading of the arson endangering persons statute, 18 Pa.C.S. § 3301(a), which reveals the legislative concern for firefighters' safety, along with the Commonwealth's evidence, adequately disposes of this absurd argument.[3]

Appellant's next three arguments deal with the trial court's charge to the jury. Appellant attacks the jury charge on accomplice testimony, reasonable doubt and involuntary manslaughter. Our standard for reviewing whether a jury charge is proper is well settled. "A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations." *Commonwealth v. Person*, 345 Pa.Super. 341, 345, 498 A.2d 432, 434 (1985).

3. § 3301. Arson and related offenses
   (a) Arson endangering persons,—
   (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:
   (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or
   (ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.

■ Appellant alleges that the trial court erred in failing to explain to the jury that Michael Glinka may have been motivated to testify consistent with his original statement since he risked prosecution if he did not. Furthermore, appellant alleges that trial counsel was ineffective for failing to object to this alleged trial court error. Upon review of the record, the trial court's charge on accomplice testimony accurately and adequately reflected the law and properly guided the jury in its deliberations. The trial court instructed the jury that the witness' testimony may have been offered to exculpate himself and that this evidence should be viewed with disfavor and cautiously accepted. *See Commonwealth v. Cayton,* 300 Pa.Super. 417, 446 A.2d 924 (1982). As the jury charge was proper, counsel cannot be found ineffective for failing to object to it. *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985).

■ Appellant next complains that the trial court improperly defined reasonable doubt and that trial counsel was ineffective for failing to object. The trial court properly followed the standard jury instruction for its charge on reasonable doubt,[4] and appellant's argument that the standard instruction is incorrect has been considered and rejected. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Ferguson,* 289 Pa.Super. 163, 432 A.2d 1103 (1981). Again, trial counsel cannot be deemed ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell, supra.*

■ Appellant also asserts that the trial court did not adequately explain the concept of causation in its instruction for involuntary manslaughter. Appellant concedes that the trial court properly instructed the jury that unless his conduct was a direct cause of the victim's death, they could not find him guilty of involuntary manslaughter. Appellant argues, however, that the trial court failed in explaining his theory of the case in more detail. Although it is the duty of the trial court when charging the jury to clarify the issues, it "is not compelled to comment upon nor review the ac-

4. Pennsylvania Standard Jury Instructions § 7.01 (Crim) (1979).

cused's theory of the case." *Commonwealth v. Cooper*, 270 Pa.Super. 365, 370, 411 A.2d 762, 765 (1979). A review of the court's charge on involuntary manslaughter establishes that the elements were adequately and accurately explained to the jury so as to properly guide them in their deliberation. *See Commonwealth v. Barnhart*, 345 Pa.Super. 10, 497 A.2d 616 (1985).

■ Appellant's sixth allegation is that trial counsel was ineffective for failing to obtain hospital records on Michael Glinka, the Commonwealth's witness, which would have provided appellant with damaging information concerning the witness.

Our standard for reviewing the effectiveness of counsel is well established.

> When reviewing the effectiveness of counsel, we determine first whether the underlying claim has merit. If it does, we then ask whether counsel's handling of the matter had some reasonable basis designed to effectuate his client's interests. Counsel is not ineffective unless there was no reasonable basis for the action, and counsel may not be faulted for failing to take baseless or meritless action. Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant.

*Commonwealth v. Blagman*, 350 Pa.Super. 367, 371, 504 A.2d 883, 885 (1986) (citations omitted); *see also Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). Furthermore, appellant carries the burden of proving his counsel's ineffectiveness. *Commonwealth v. Durah–El*, 344 Pa.Super. 511, 496 A.2d 1222 (1985).

■ Appellant claims that if trial counsel would have obtained a court order for Glinka's hospital records, the records would have impeached the witness' testimony by showing that he had an alcohol and drug problem. These hospital records were introduced at the post-trial hearing on the issue of counsel's effectiveness. The trial court found that the records not only contained relevant information

266

concerning Glinka's alcohol abuse, but also information concerning his homelessness. Trial court opinion, at 6. The trial court recognized that trial counsel had conducted an extensive cross-examination of Glinka at trial and had established during the examination that Glinka: 1) had received treatment for his addiction; 2) had a liver problem; and 3) on at least one occasion, was taken off the street frothing at the mouth from alcohol intoxication and was placed in a treatment center. *Id.* The trial court found that counsel's sound strategic reason for not obtaining the hospital records was that they contained the same information already elicited and that he was fearful of pursuing the matter too extensively as the jury may have become sympathetic to Glinka. *Id.* at 7. We agree with the trial court and find appellant's ineffective assistance of counsel claim meritless.

Appellant's final three allegations of trial court error concern his sentence. Appellant alleges that the trial court improperly sentenced him since it failed to merge his arson and involuntary manslaughter convictions. In our discussion of the doctrine of merger of offenses for sentencing purposes we have held:

[I]n order to find that separate statutory offenses merge, we must ... determine not only that the crimes arose out of the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil. If we do not take both of these steps, we fail in our duty to effectuate the legislative mandate in carrying out statutory punishments.

*Commonwealth v. Williams*, 344 Pa.Super. 108, 127, 496 A.2d 31, 41–42 (1985) (en banc). Furthermore,

Under this test, merger is required only when two prerequisites are met. First, the crimes must "necessarily involve" one another. Second, even if the two crimes necessarily involve one another, they do not merge if there are substantially different interests of the Commonwealth at stake and the defendant's act has injured each

interest. To determine whether multiple offenses involve substantially different interests, or how many evils are present in a given criminal act, the sentencing court must examine both the language of the particular statutes and the context in which each statute appears in the Crimes Code.

*Commonwealth v. Williams,* 514 Pa. 124, 135, 522 A.2d 1095, 1101 (1987).

■ As we have already cited the arson endangering persons statute at footnote 3, *supra,* we need only examine involuntary manslaughter, which is defined as follows: "A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S. § 2504(a). Applying the doctrine of merger to the facts of this case, we hold that arson endangering persons does not merge with involuntary manslaughter for sentencing purposes for the following reasons.

Although appellant's arson and involuntary manslaughter convictions were based on the same criminal act, they do not merge since each offense requires proof of a fact which the other does not, and the statutes defining each crime were enacted to protect different Commonwealth interests. Simply stated, the involuntary manslaughter statute requires that the death of another person, not necessarily by fire, be proven before one can be found guilty; whereas, the arson statute requires one to intentionally set a fire which recklessly endangers another, without necessarily causing death. Clearly, each of these offenses requires proof of a fact which the other does not. Moreover, appellant's conduct has injured separate Commonwealth interests. Arson endangering persons has been classified as an offense against the possession of property; whereas, involuntary manslaughter, like attempted murder, is a crime against the person. *See Commonwealth v. Williams,* 514

Pa. 124, 522 A.2d 1095 (1987). Consequently, appellant's claim of trial court error is clearly meritless.

Finally, appellant argues that the trial court abused its discretion by failing to state adequate reasons on the record for its gross departure from the sentencing guidelines and for imposing an unduly harsh sentence. As appellant has complied with the requirements set forth in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), we will address his arguments concerning the discretionary aspect of his sentence.

It is well established that sentencing is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Commonwealth v. Simpson,* 353 Pa.Super. 474, 510 A.2d 760 (1986). In fact, "[i]n order to be considered an abuse of discretion, a sentence must exceed the statutory limits or be manifestly excessive." *Id.,* 353 Pa.Superior Ct. at 477, 510 A.2d at 761–62. Appellant was sentenced for arson endangering persons, a first degree felony,[5] risking a catastrophe, a third degree felony,[6] and involuntary manslaughter, a first degree misdemeanor.[7] *See* 18 Pa.C.S. § 3301, § 3302(b), and § 2504. Appellant was sentenced to serve ten to twenty years for arson, three and one-half to seven years for risking a catastrophe, and two and one-half to five years for involuntary manslaughter. Since appellant was sentenced within the statutory maximum, we find no abuse of discretion. *See Commonwealth v. DeSabetino,* 369 Pa.Super. 300, 535 A.2d 169 (1987).

Furthermore, appellant's contention that the trial court erred by grossly departing from the sentencing guidelines

5. A person convicted of a first degree felony may be sentenced to a term of imprisonment, the maximum of which is more than ten years. 18 Pa.C.S. § 106(b)(2).

6. A person convicted of a third degree felony may be sentenced to a term of imprisonment, the maximum of which is not more than seven years. 18 Pa.C.S. § 106(b)(4).

7. A person convicted of a first degree misdemeanor may be sentenced to a term of imprisonment, the maximum of which is not more than five years. 18 Pa.C.S. § 106(b)(6).

when imposing his sentence is meritless.[8]  We have held:

> In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), the Supreme Court held that the trial court must state the reasons for its sentence on the record, as such a statement is 'invaluable' in determining 'whether the sentence imposed was based upon accurate, sufficient and proper information.' *Id.*, 474 Pa. at 131, 377 A.2d at 148.  In addition, the legislature has required a statement of reasons: 'In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentence, a statement of the reason or reasons for the sentence imposed.'

*Commonwealth v. Terrizzi*, 348 Pa.Super. 607, 609, 502 A.2d 711, 712 (1985).  Moreover, we have stated:

> In the instant case, the judge gave his reasons for imposing sentence at the sentencing proceedings, in the appellant's presence, and his statement was recorded and ultimately transcribed as part of the record.  We hold that the judge's statement of reasons for the sentence made of record at sentencing in the defendant's presence constitute a 'contemporaneous written statement', within the meaning of the act.  The purpose of the contemporaneous written requirement would appear to be to advise the defendant of the reasons for deviating from the guideline and provide a memorial for his use and for appellate review.  It would be unreasonable to conclude that the legislature intended that the court do more than that when the sentence imposed is outside the sentencing guidelines.

*Commonwealth v. Royer*, 328 Pa.Super. 60, 69, 476 A.2d 453, 457 (1984).

■ Upon a thorough review of the record, we find that the reasons stated by the trial court for going outside the guidelines are adequate.  The trial court properly considered appellant's deliberate intent to destroy the house,

---

8. Inasmuch as appellant has failed to preserve his challenge to the constitutionality of the sentencing guidelines, they are not held to be irrelevant here.  *Commonwealth v. DeSabetino, supra.*

the close proximity of the house to other homes in the area, the trapping of several firefighters in the burning building, the death of one of those firefighters as well as the deterrent effect for future arsons. Also, the trial court properly considered appellant's background, health, character, and needs along with the needs of society when imposing appellant's sentence. Consequently, appellant's sentence was not unduly harsh, and the trial court did not abuse its discretion in sentencing appellant.

As all of appellant's arguments have been found to be meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.