J-A11043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDER ANDREW GIBSON | |
| Appellant | No. 2203 EDA 2014 |

Appeal from the Judgment of Sentence January 17, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0000657-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED JUNE 17, 2015**

Alexander Andrew Gibson appeals from the judgment of sentence entered on January 17, 2013, after pleading guilty to aggravated assault, burglary, and indecent exposure.[1]  We affirm.

On March 25, 2012, Gibson kicked down the door and broke into the home of the victim, who was his coworker.  Gibson physically assaulted the victim in the presence of her infant child, as the infant screamed and shook his crib.  Gibson broke the victim's orbital bone, exposed himself to the victim, and threatened to rape her, desisting only because he was unable to get an erection.

---

[1]    ***See*** 18 Pa.C.S.A. §§ 2702(a)(1), 3502(a), and 3127(a), respectively.

On November 13, 2013, Gibson pleaded guilty to the above-listed charges. On January 17, 2013, the trial court ordered Gibson to serve an aggregate sentence of not less than 106 months nor more than 228 months (eight years and ten months to nineteen years) in a State Correctional Institution. Sentencing Order, 1/17/2013, at 2. Gibson filed a motion for reconsideration of sentence, which was denied on January 30, 2013. On May 10, 2013, the trial court granted the Commonwealth's motion to *nolle prosse* the remaining charges to which Gibson did not enter a guilty plea.[2] Gibson did not file a direct appeal.

On January 9, 2014, Gibson filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After a hearing, on May 28, 2014, the court reinstated Gibson's direct appeal rights *nunc pro tunc*. On June 5, 2015, the trial court ordered Gibson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. However, no notice of appeal had been filed yet.

On July 15, 2014, counsel for Gibson petitioned the court for an extension of time to file a notice of appeal, stating: "Although [the order to file an appeal *nunc pro tunc*] was received by the [o]ffice of [Gibson's] counsel, it was never provided to counsel for review, but instead was left

_____

[2] These charges included simple assault, criminal trespass—breaking into a structure, recklessly endangering another person, five counts of robbery, and two counts of theft.

hidden in an anonymous pile of papers at the desk of a now former employee of [c]ounsel's law firm." Motion to Extend Time, 7/15/2014, at 1 ¶ 2. The Commonwealth did not oppose the motion, and the court granted the extension.[3] Thereafter, Gibson timely filed a notice of appeal on July 23, 2014. On July 24, 2014, the court reissued notice to Gibson to file a concise statement within twenty-one days, or by August 14, 2014.

On August 15, 2014, the trial court issued a statement pursuant to Pa.R.A.P. 1925(a) indicating that, due to Gibson's failure to file a Pa.R.A.P. 1925(b) statement, the court was "unable to ascertain what errors [Gibson] seeks to raise on appeal and, therefore, no further opinion will be issued." Rule 1925(a) Statement, 8/15/2014. Four days late, on August 18, 2014, Gibson filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 19, 2014, the trial court issued a supplemental Pa.R.A.P. 1925(a) opinion, noting Gibson's late filing but addressing the merits of Gibson's issues.

_____

[3]    We observe that "[a] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence." *Commonwealth v. Smith*, 501 A.2d 273, 275 (Pa. Super. 1985). However, a trial court has discretion to grant an appeal *nunc pro tunc*. *See Commonwealth v. White*, 806 A.2d 45, 46 (Pa. Super. 2002). Therefore, the proper procedure for Gibson would have been to request a second opportunity to appeal *nunc pro tunc* instead of filing a motion to extend the time to file a notice of appeal. In light of the court's grant of the uncontested motion, and in the interests of judicial economy, we shall "regard as done that which ought to have been done" and consider the notice of appeal properly filed. *Commonwealth v. Allen*, 420 A.2d 653, 654 n.3 (Pa. Super. 1980).

Gibson now raises two questions for our review:

1.    Did the trial court err and abuse its discretion in sentencing [Gibson] to the top of the aggravated range for each of the three (3) offenses for which he pled guilty without the support of appropriate aggravating factors?

2.    Did the trial court err and abuse its discretion by sentencing [Gibson] to the top of the aggravated range for each of the three (3) offenses for which he pled guilty, and running each of the individual sentences consecutively, thereby creating an excessive and unnec[e]ssarily punitive sentence beyond appropriate given the circumstances?

Gibson's Brief at 5.

Preliminarily, we must address the Commonwealth's contention that "[Gibson's] appeal should be dismissed as he failed to file a timely [Rule] 1925(b) statement." Commonwealth's Brief at 3. We disagree.

[T]his Court has held that failure to timely file a Rule 1925(b) statement is the equivalent of a failure to file said statement. ***Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa. Super. 2012), *citing* ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*). Both failures constitute *per se* ineffective assistance of counsel, which in criminal cases ordinarily requires a remand for the filing of a Rule 1925(b) statement pursuant to Pa.R.A.P. 1925(c)(3). ***Id.*** However, this Court held "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented." ***Id.***

***Commonwealth v. Fischere***, 70 A.3d 1270, 1275 n.2 (Pa. Super. 2013) (citations formatted). Here, upon receipt of the untimely Pa.R.A.P. 1925(b) statement, the court issued a supplemental Pa.R.A.P. 1925(a) opinion to

address the issues Gibson raised. Accordingly, we may proceed to address the merits of Gibson's claims.

In both issues, Gibson challenges the discretionary aspects of his sentence, claiming that the court abused its discretion when it sentenced him in the aggravated range and ran his sentences consecutively. **See** Gibson's Brief at 9.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004).

To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his brief. Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal

on the merits." ***Id.*** (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis omitted).

In the instant case, Gibson filed a Pa.R.A.P. 2119(f) statement, alleging that "the court failed to place on the record the aggravating factors required to support an aggravated sentence" and "created what was, in effect, a departure range sentence" by running his sentences consecutively. Gibson's Brief at 9.

In his first issue, Gibson challenges his sentence on the grounds that the trial court failed to place on the record its reasons for sentencing him in the aggravated range. ***Id.*** at 10. "[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review." ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (citation omitted). Thus, we will review this challenge.

In the instant case, Gibson contends that the court departed from the standard sentencing range without "plac[ing the aggravating factors] in a Guidelines Sentencing form or . . . ma[king] a contemporaneous written statement as to its reasons for the aggravated sentence." Gibson's Brief at 10-11 n.1. Further, he alleges that he had no opportunity to review his pre-sentence investigation report (PSI) and, therefore, the court's reference to the PSI for aggravating factors was inadequate. ***See id.*** at 12. We disagree.

Sentencing is a matter that is vested within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. *Commonwealth v. Dykes*, 541 A.2d 1, 6 (Pa. Super. 1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White*, 491 A.2d 252 (Pa. Super. 1985).

> [S]pecifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:
>
> > [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> 42 Pa.C.S.A. § 9721(b).
>
> In every case where a court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721; *see also Commonwealth v. Eby*, 784 A.2d 204, 205-06 (Pa. Super. 2001).
>
> > The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.
>
> *Commonwealth v. Gibson*, 716 A.2d 1275, 1276-77 (Pa. Super. 1998) (internal quotations omitted).

When evaluating a challenge to the discretionary aspects of sentence . . . , it is important to remember that the sentencing guidelines are advisory in nature. *Id.* at 1277. If the court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. *Id.* "[O]ur Supreme Court has indicated that if the court proffers reasons indicating that its decision to depart from the guidelines is **not un**reasonable, we must affirm a sentence that falls outside those guidelines." *Id.* (citations omitted, emphasis in original).

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263-64 (Pa. Super. 2012)

(citations formatted).

At Gibson's sentencing hearing, counsel for Gibson addressed the court

as follows:

> I have had a chance to review the PSI in this matter. I discussed the recommendation with Mr. Gibson. I had the benefit of recently appearing with Mr. Gibson at a preliminary hearing and watching the witness testify. . . . I can't make this pretty, Judge, I can't make this pretty at all. But what surprises me, in the PSI, and I'm not saying the PSI is wrong, is the characterization of Mr. Gibson. Every time I've ever met with him, every time I've spoken with him, he's soft-spoken, very polite, very well-mannered.
>
> \* \* \*
>
> The Court: He admitted that he broke into this woman's house, waited—hid—secreted in a closet until she was asleep and then beat her, so that her face looked like this (indicating [to photographs of the victim's injuries]). And to add injury to insult, her infant son was in the room and witnessed all of this and is now having behavioral issues because of it.
>
> [Counsel for Gibson]: Although Mr. Gibson has a prior record score of zero, because of the nature of the charges that he's pled to, the standard ranges are high. And then the PSI lists three aggravating circumstances. I would like to, just briefly, cover those.

The Court:  Please.

[Counsel for Gibson]:  One is the assault while in the correctional facility.  I do believe that is a legitimate aggravating circumstance.  Two is aggressive behavior while at the jail; and while I do admit that is an aggravating circumstance, it seems to me that that goes along with the assault behavior.  And, three, I don't believe is an aggravating circumstance at all.  I understand why the victim is still having difficulty.  Like I said, Judge, I can't make this pretty.  . . . But I think any time you have a victim of a crime, they're hurt, they're injured.  And I think the sentencing guidelines take that into account.  So I don't believe that's a legitimate aggravating circumstance.

The Court: If I were to accept your argument, that still leaves me with two legitimate aggravating circumstances in this case.

[Counsel for Gibson]:  Which really count as one, is what I'm saying.

N.T. Sentencing, 1/17/2014, at 2-4.

The court further discussed the aggravating factors in this case with counsel, as follows:

[Counsel for Gibson]:  . . .  I think it's pretty clear from the PSI that Mr. Gibson needs some attitude adjustment and he needs anger management and some sort of behavioral classes, without a doubt.  I don't know that—

The Court: He's a very sick man.  Anybody who would do this to another individual is a sick and disturbed individual.

[Counsel for Gibson]:  I don't know that warehousing him for a prolonged period of time in jail is the answer.

The Court:  How do you protect people from what he did?

[Counsel for Gibson]:  I don't know.

The Court: If you don't warehouse him, how do you protect?  How do you protect innocent women from being battered

- 9 -

within an inch of their life, where their orbital bone is broken, where their face doesn't even look like a face, when their infant son is watching it all happen. If you don't warehouse him, what do you do? How do you protect the community?

[Counsel for Gibson]: Like I said, I think, without a doubt, he needs some sort of therapy and some sort of behavior management.

The Court: That's available to him in the state correctional facilities. And then if he is true to his belief and if he truly feels that way, he can get that counseling when he's released.

N.T. Sentencing at 4-5.

The court gave Gibson an opportunity to make a statement, which he declined. *Id.* at 6. The court then listened to the Commonwealth's review of the facts to which Gibson pleaded guilty, including that Gibson stalked the victim, kicked down her door, and "beat her into unconsciousness right in front of her son." *Id.* The victim's injuries included fractures of her orbital bone so severe that they required a stay in the intensive care unit. Detectives in the case believed that the victim might die. Furthermore, as noted by the Commonwealth, "[the victim's] son was screaming and traumatized, so upset, that he was shaking the crib to the point where he actually broke the crib . . . ." *Id.* at 7.

The Commonwealth also reiterated that Gibson has a history of assaultive behavior, including assaulting other prisoners in jail and receiving a battery charge in Florida, for which he was ordered (but failed to obtain) a psychological evaluation. *Id.* at 8-9. A probation officer told the court that

state correctional facilities have "mental health programs once he's had an evaluation to deem he needs mental health treatment, plus anger management and sex offender specific treatment programs," which the court ordered Gibson to pursue. *Id.* at 9-10. Only after this lengthy discussion by all the parties did the court conclude, as follows:

> I believe the aggravating circumstances as set forth in the PSI are appropriate. I believe that a sentence in the aggravated range on all counts is appropriate. So for those reasons, as well as those contained in the PSI, which I will adopt, we issue the following order: [Gibson's judgment of sentence followed].

*Id.* at 10.

It is well-settled that where, as here, the trial court had the benefit of a presentence investigation report, we will presume it was "aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted). By Gibson's counsel's own admission, Gibson reviewed the PSI, conceded to several of the aggravated factors listed therein, and had the opportunity to present argument to the court as to why some factors should not be considered or should be minimized. Thus, Gibson's claims that he had no opportunity to review his PSI or that the aggravating factors contained therein were never discussed are plainly belied by the record. *See Eby*, 784 A.2d at 205-06.

Furthermore, Gibson's claim that those aggravating factors must be memorialized "in a Guidelines Sentencing form or . . . a contemporaneous

written statement," Gibson's Brief at 12, is contradicted by 42 Pa.C.S.A. § 9721, which requires that "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed," as was done here. 42 Pa.C.S.A. § 9721(b).

Finally, the record further reflects that the trial court explicitly considered "the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community" in addition to the aggravating factors listed in the PSI when sentencing Gibson in the aggravated range. **Bowen**, 55 A.3d at 1263-64. Therefore, the trial court did not abuse its discretion on this ground. **See Dykes**, 541 A.2d at 6. Gibson's first issue does not merit relief.

In his second issue challenging the discretionary aspects of his sentence, Gibson contends that the trial court abused its discretion by running his aggravated sentences consecutively instead of concurrently, effectively "creating an excessive and unnec[e]ssarily punitive sentence beyond that appropriate given the circumstances." Gibson's Brief at 13. Again, Gibson claims that "no reasons were provided on the record . . . for nearly doubling the standard range of the most severe of the offenses pled to." We disagree.

> Under 42 Pa.C.S.A. § 9721, the [trial] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a

substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (citations omitted).

In such cases,

[A] sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

***Commonwealth v. Zirkle***, 107 A.3d 127, 133-34 (Pa. Super. 2014) (citations and quotation marks omitted). Here, Gibson received an aggregate sentence of eight years and ten months to nineteen years' incarceration for pleading guilty to aggravated assault, burglary, and indecent exposure. Thus, we conclude that Gibson has raised a substantial question whether his sentence is, on its face, excessive, and will review the issue on its merits. ***See Goggins***, 748 A.2d at 727 ("Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.").

Gibson concedes that it is within the trial court's discretion whether to run sentences concurrently or consecutively, but argues that "the court

should show some form of consideration on the record for why a consecutive sentence is being imposed," claiming that the court was "silent" on the issue. Gibson's Brief at 14. As discussed above, the trial court fully explored the underlying facts and announced its reasons for sentencing Gibson in open court. *See* 42 Pa.C.S.A. § 9721(b); *see also* N.T. at 2-10. Thus, Gibson's claim that the trial court provided no reasons of record for its sentence must fail on its merits.

Furthermore, we cannot conclude that Gibson's sentence approaches an excessive level in light of the violent criminal conduct in his case. *See Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (affirming aggregate sentence of twenty-six to 100 years of imprisonment for ten robbery and related convictions); *cf. Commonwealth v. Whitman*, 880 A.2d 1250 (Pa. Super. 2005) (concluding that an aggregate sentence of thirty-nine to seventy-eight years of imprisonment for numerous burglaries but no violent crimes was "unwarranted and unfair," "the sentence is virtually a life sentence and is grossly disparate to sentences imposed on similar offenders").

Here, Gibson received a maximum sentence of nineteen years for breaking into the victim's home, severely beating and injuring the victim in front of her infant son, and traumatizing that victim and child. N.T. at 6-9. Given the violent nature of Gibson's crimes, Gibson's need for rehabilitation, the effect of his crimes on the victim and her son, and the need to protect the public, the trial court did not create a manifestly excessive sentence by

ordering that Gibson's sentences run consecutively. *See Boyer*, 856 A.2d at 154. Nor does Gibson point us to any case law to suggest his sentence is "grossly disparate [from] treatment of like offenders throughout the Commonwealth." *Whitman*, 880 A.2d at 1253. In fact, his maximum sentence is far below other violent crimes sentences which have implicated concerns about excessive sentencing. *Boyer*, 856 A.2d at 154. Gibson's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/17/2015